By the Court.
Mason, J.
We think that the motion for a nonsuit in this case was properly denied. It is well-settled law that an agreement, like the one contained in the article between the plaintiffs and Brandegee, to refer all disputes that might arise in the progress of the work to arbitration, cannot oust the jurisdiction of the courts, and that it is no defence to a suit. (Chitty on Contracts, 792, and cases there cited.) But the objection comes with a very ill grace from the defendants, since the plaintiffs did all in their power to comply with the agreement to refer, and the settlement of the dispute in that way was *201 defeated only by a refusal on tbe part of Brandegee to extend for a few days the time of making the award.
The evidence offered to show that Brandegee was a resident, was also properly excluded. The bond in suit was conditioned to pay the sum justly due on account of the debt sworn to by the plaintiffs in their application for the attachment; and the only question under the pleadings, after proof of the due execution of the bond, was, whether any, and if any, what amount was due. In the case of Franklin and others v. Pendleton, (a) we lately held that a party who had given a bond to relieve a vessel from an attachment, was estopped from contesting, in a suit on the bond, the regularity of the proceedings on which the attachment was issued. The provisions of the statute under the act authorizing the attachment of vessels, and the act respecting attachments against absconding, concealed, and non-resident debtors, are similar in the matter of giving bonds to discharge the attachment, and the same principles govern in each. Besides, if Brandegee had wished to contest the fact of his non-residence, the statute pointed out a mode of doing so. Sections 44 to 49, both inclusive, contain minute provisions as to the course to be pursued in such cases. But instead of contesting the fact of non-residence in the manner prescribed in the statute, the defendants executed a bond which virtually admitted that the attachment was properly issued. To allow him to dispute that fact in a suit on the bond itself would, we think, be a violation of the letter and spirit of the act.
It was well observed by the judge on the trial, that th.e facts which the defendants offered to prove showed that Brandegee was a non-resident debtor within the meaning of the statute. He had left the state without paying this demand, or making provision for payment, and he had remained abroad for upwards of three years. During all this time the plaintiffs had been deprived of their just dues; and it would be strange indeed if they could not, after such a prolonged absence, make their debtor’s property to respond for this debt, because he had all this time *202 the purpose of returning- to the state when it might , suit his convenience.
The charge of the judge was, we think,- erroneous. He. ruled, in effect, that the agreement to refer was a bar. to the. action, •unless the arbitration had fallen through by the fault of-Bran■degee; and if the jury, upon this ruling,' had found for the defendants, we should have been obliged, on exceptions properly taken by the plaintiffs, t.o have set .the verdict aside. But, clearly, the defendants cannot avail themselves of the error of the judge, which was in their favor.
Motion for a new trial denied.

 Reported, ante, yol. iii. p. 5'72.